# SUPERIOR COURT.

## SPRING SESSIONS.

## 1876.

### John S. Rowbotham *v.* Benjamin C. Pearce.

A general demurrer to a count in a declaration in an action on the case alleging that the defendant, being the owner of a certain messuage with the premises, demised the same to the plaintiff for one year, with the exception of three rooms in it, which he retained for his own use and occupation, in pursuance of which the plaintiff with his family entered into possession thereof and continued to occupy the same for three months, but that from the time of his so entering into possession of them up to the time last mentioned he and his family and persons visiting them had been so much annoyed and disturbed by gaming, unseemly sports, uncouth noises, profane and obscene expressions in the portion of the house reserved and occupied by the defendant, often continued and kept up until a late hour of the night, that he was constrained and obliged to remove therefrom with his family at the time last mentioned, and was thereby subjected to great trouble, inconvenience, and expense in removing his family and furniture therefrom, and in procuring and renting another house, admits all the material facts alleged in the count, which as thus alleged in the count and admitted by the demurrer constitute in law a case of constructive eviction of the plaintiff from the demised premises, as the result of the wrongful acts and conduct of the defendant, and *prima facie* import an indirect injury for which the action on the case will lie.

The facts alleged in other counts and also admitted by the demurrer, that the plaintiff could and would have sublet the demised premises for the same rent he was to pay for residue of the term but for the wrongful acts and prevention of it by the defendant in the manner stated in them, likewise import in law an indirect injury to the plaintiff by the defendant for which an action on the case will lie.

Under the proceedings had, as alleged in them, by the defendant against the plaintiff to recover the rent, and by which he recovered the rent for the whole year, there was no way in which the plaintiff could avail himself of

these matters as a defense against it except on the return of the attachment to this court; but the fact that he did not then attempt to avail himself of any of the matters of fact alleged in any of the counts in the narr, and particularly, as alleged in the first count, as a defense against the defendant's demand for rent for the residue of the term after the plaintiff's wrongful eviction by him from the demised premises, will not bar his right to maintain this action.

The ground of action on which the last count is based is an alleged false and malicious proceeding by the defendant without probable cause or good grounds to believe that the plaintiff intended to remove his effects from the county, or otherwise to dispose of the same, and would so remove or dispose of them before the rent would become due, so as to defeat a distress for it under the provisions of the statute for attachment and security of rent in such a case; but notwithstanding the matters of fact alleged in it was a resort to legal process and was *prima facie* for a lawful and proper purpose, yet if the material allegations of the plaintiff in this count be admitted, as they also were by the general demurrer to it as well as to all the other counts, it was upon the principle which lies at the foundation of all actions for malicious suits and prosecutions without probable cause and malicious, viz., a malicious abuse and perversion of the process and proceeding provided for in the statute for which this action will lie.

ACTION on the case. The narr alleged that the defendant, being the owner of a certain messuage with the premises situate in the city of Wilmington, demised the same to the plaintiff for the term of one year from the 25th day of March, 1873, with the exception of three rooms thereof, to wit, the front room or store, the bar-room, and the room back of it in the first story, together with the back cellar and the right to use the water-closet, with ingress and egress to and from it at all times, and also to store barrels in such parts of the front cellar as might not interfere with the plaintiff's requirements, at the rent of three hundred dollars for the year, payable quarterly in equal sums of seventy-five dollars on the 25th days of June, September, December, and March then next ensuing, in pursuance of which the plaintiff with his family entered into possession thereof and continued to occupy the same until the 24th day of June following; but that from the time of his so entering into the possession of them up to the time last mentioned, he and his family and persons visiting them had been so much annoyed and disturbed by gaming, unseemly sports, uncouth noises, profane and obscene expressions in the por-

tion of the house reserved and occupied by the defendant, often continued and kept up until a late hour of the night, that he was constrained and obliged to remove therefrom with his family on the day last mentioned and was thereby subjected to great trouble, inconvenience, and expense in removing his family and furniture therefrom and in procuring and renting another house for them, and also in subjecting his household goods to be taken on an attachment for rent which the defendant without any previous demand therefor, thereupon caused to be issued forthwith against them, and under which they were held and detained until the plaintiff gave security for the payment thereof when it should become due. In another count the plaintiff alleged that on being so obliged to leave the premises he concluded to sublet the same, and for that purpose affixed to the building a written notice advertising his demised portion of it for rent, and that after so doing he had from time to time divers applications from several persons· to rent the same who went to inspect the premises with that view but were prevented by the defendant from doing so, who interposed to prohibit it and wrongfully and unjustly posted a placard and notice in writing under the said advertisement of the plaintiff on the said building forewarning all persons against renting the same from the plaintiff and notifying them that no persons renting the same from the plaintiff could have the possession thereof, and that he announced personally to divers persons who had applied to the plaintiff to rent the premises that they could not have them, and that he would throw them out if they entered them, and so prevented the plaintiff from underletting the premises and by reason of which they remained unlet on his hands during the whole residue of the term for which he had rented them. There were several other counts varying substantially from the one last stated only in alleging that the defendant denied in the written notice appended by him to the advertisement posted by the plaintiff on the building that he had any right to rent or sublet the premises, and also in specially alleging in one of them that the plaintiff, having agreed to sublet the same for the residue of the term (nine months) to one H. B. Bullen, at the rent of twenty-five dollars per month, the defendant by false insinua-

tions and intimidation drove him away and prevented the consummation of the bargain to the like injury and detriment of the plaintiff.    The fifth and last count alleged that as the plaintiff was about to remove his family and furniture from the premises into another house which he had thereupon rented in the city of Wilmington, and after he had commenced doing so in the presence of the defendant and had informed him of his intention to so remove them and being ready and willing and intending to pay him the rent therefor as it became due, the defendant, continuing and intending maliciously to injure him in his good name, fame, and credit, and to bring him into scandal and discredit and to vex, harass, and injure him, appeared before the prothonotary of this court on the 24th day of March, 1873, and made affidavit of the lease and renting of the premises by him to the plaintiff and of the amount that would be due and payable thereon at the expiration of it on the 25th day of March, 1874, and that he had good grounds to believe that the plaintiff as such tenant intended to remove his effects from the county or otherwise dispose of the same and would so remove or dispose of them before the rent would become due so as to defeat a distress for said rent, and thereupon sued out a writ of attachment returnable at the then next term of this court, directed to the sheriff of this county, against the goods and chattels of the plaintiff and for summoning garnishees, on which the furniture of the plaintiff that he was then having removed from the said premises were on the same day attached and seized by the sheriff and held against the plaintiff to his great mortification, annoyance, inconvenience, and detriment, until he gave under protest to the defendant and under the exaction and approval of the officer serving the writ, a bond, with Henry F. Pickels as surety thereon and a warrant of attorney thereto annexed, to confess judgment thereon, *sine breve*, in the penal sum of six hundred dollars conditioned for the payment of three hundred dollars, and paid the costs thereon amounting to ten dollars, and that the defendant afterward wrongfully and to annoy, injure, and oppress the plaintiff, caused judgment to be entered upon the said bond by virtue of the warrant of attorney and execution to be issued thereon out of this court to the great cost and

trouble of the plaintiff without any previous demand for the money accruing or accrued thereon or of the said rent. And that the defendant falsely and maliciously and without any reasonable or probable cause and without good grounds for believing that the plaintiff intended to remove his effects from the county or otherwise to dispose of the same and would so remove or dispose of them before the rent would become due, so as to defeat a distress for it, made the said affidavit and complaint and caused the process to be issued thereon as before stated. The count then further alleged that the plaintiff had no intention of so removing or otherwise disposing of his said effects, but his intention only was to remove for the greater comfort of his family to another house in the city of Wilmington, all of which had been announced to and was well known to the defendant and which purpose was fully carried out by the plaintiff, who still owns the goods and chattels so removed from the demised premises and still resides and is engaged in business in said city. And to all of which counts the defendant demurred generally.

*The Court:* The demurrer, of course, admits all the material facts alleged in the several counts in the declaration. It admits the lease, which was in writing, and that, too, without the defendant alleging or pretending that it contained any terms of restriction as to the subletting of the premises by the plaintiff as the tenant of them. It also admits the facts alleged by the plaintiff that he was obliged by the annoyance and disturbance stated to remove with his family from them and to rent another house in the city at the close of the first quarter of the term; and that the plaintiff thereupon, as he had a legal right to do under such a lease, advertised them for rent, and could and would have sublet them at a rent of twenty-five dollars per month for the residue of the term (the same that he was to pay for them) had not the defendant wrongfully prevented him from doing so in the manner alleged in the first four counts; and in consequence of which, as he alleges and as is also admitted by the demurrer, he lost the benefit of obtaining the same amount of rent from them which he had to pay the defendant for them during the residue of the term. And such being the allegations

and admissions on the face of the pleadings, the case as presented in the first count would import in law a constructive eviction of the plaintiff from the demised premises as the result of the wrongful acts and conduct of the defendant, and, of course, *prima facie* an indirect injury to him for which the action will lie. *Billany* v. *Smith*, 4 *Houst.* 116, 117. While it is equally clear that the facts alleged in each of the three succeeding counts and admitted by the demurrer that the plaintiff could and would have sublet the demised premises for the residue of the term but for the wrongful acts and the prevention thereof by the defendant in the manner stated, also import an indirect injury to the plaintiff committed without force by the defendant, for which *prima facie* an action on the case will lie. Under the proceedings had for the recovery of the rent, and by which the defendant recovered it for the whole term, the plaintiff had no means of availing himself of any of these matters by way of defense except on the return of the attachment to this court. But the fact that he did not then attempt to avail himself of any of the matters alleged, and particularly as alleged in the first count, by way of defense to the demand for rent for the residue of the term after his eviction from the demised premises does not bar his right to institute and maintain the present action. The ground of action, however, on which the fifth and last count is founded is different, inasmuch as it is for an alleged false and malicious proceeding by the defendant without probable cause or good grounds to believe that the plaintiff intended to remove his effects from the county, or otherwise dispose of the same, and would so remove or dispose of them before the rent would become due so as to defeat a distress for it, under the provisions of the statute for the attachment and security of the rent in such case made and provided. *Rev. Code Amend.*, *chap*. 120, *sec*. 52, *p*. 714. But notwithstanding it was a resort to legal process, and was *prima facie* for a lawful and proper purpose, yet if the allegations of the plaintiff in this case be admitted, as they unquestionably are by the general demurrer to this, as well as the other counts, that it was falsely and maliciously instituted by the defendant without probable cause or good reason to

believe that the plaintiff intended to do so, and that it was not done for the purpose of securing the rent when it should become due, but thereby maliciously to annoy, injure, and oppress the plaintiff, it was on the principle which lies at the foundation of all actions at law for malicious suits and prosecutions without probable cause, an abuse and perversion of the process and proceeding provided for in the statute for which the action in this case will lie.

Judgment must therefore be entered on the demurrer in favor of the plaintiff and against the defendant upon all the counts in the narr.

*Patterson*, for the plaintiff.

*Whitely*, for the defendant.